UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LIONEL MENDOZA                                        CIVIL ACTION

v.                                                    NO. 15-1455

TRACEY HICKS, ET AL.                                  SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

This suit arises from a commercial auto accident that occurred on October 14, 2014, in Tangipahoa Parish, Louisiana. Mr. Mendoza filed suit in state court in March 2015. On May 1, 2015, one of the several defendants, Berkshire Hathaway Homestate Insurance Company, removed the case to this Court based on diversity jurisdiction. Mendoza moves for remand, submitting that two of the defendants, Tracey Hicks and Canal Insurance Company, did not properly consent to removal. Hicks had previously answered *pro se* in state court, but his consent to removal was signed by Howard L. Murphy, who had not yet made an appearance for him and who was then counsel of record for defendant Natasha Adams only. Canal Insurance Company, who was not represented by counsel at the time of removal, indicated its consent by way of Jeanie Schamell, an

insurance adjuster for the company.  In signing the consent to removal, Ms. Schamell did not make any claim, certification, or affirmation that she had authority to act on behalf of the company; under her name she wrote the name of the company, its address and telephone number, and "Adjuster for Canal Insurance."

I.

Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of an action.  The Fifth Circuit has explained that although consent to removal is all that the statute requires, a defendant must do so itself: "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."  Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  The notice of removal must be signed pursuant to Federal Rule of Civil Procedure 11(a), which requires a signature by an attorney of record or by a party personally if the party is unrepresented, the signer's address, e-mail address, and telephone number.  The Rule adds that a pleading need not be verified or accompanied by an affidavit.

II.

The plaintiff contends that two of the defendants did not properly consent to removal because the persons signing for them did not purport to act on their behalf. That Hicks had filed an answer *pro se* in state court, the plaintiff submits, rendered his attorney's subsequent signature ineffective. Despite the Notice of Removal listing Murphy as Hicks's attorney, the plaintiff contends that it was somehow unclear that Murphy represented Hicks when he signed on his behalf, because Murphy had not yet filed a notice of appearance. The plaintiff seeks to impose a new rule: "When a prior filing in state court would create ambiguity regarding a consent to removal subsequently filed in federal court, some adequate assurance must be provided that the signatory is acting with the consenting defendant's authority." Murphy had been retained to represent Hicks, was listed as Hicks's attorney on the Notice of Removal, and then signed on his behalf. He thus had the authority to act on Hicks's behalf and also purported to do so. The plaintiff, however, submits that Murphy needed to file a notice of appearance before signing for Hicks. To this date Murphy has not filed such an appearance, and he is currently properly representing Hicks. The Court cannot endorse the plaintiff's proposed rule that does not find support in statutory or case law.

As to Canal Insurance Company, the plaintiff submits that the company did not properly consent to removal because Schamell failed

to state next to her signature that she acted with the authority to consent for the company.  There is no requirement that the entity signing a consent to removal affirm that it acts on behalf of the consenting company; in fact, Rule 11 specifically disclaims the need for an affidavit accompanying a pleading.  Schamell had the authority to act on behalf of the company, and she purported to do so when she signed her name and affixed her company title to the consent to removal.  The plaintiff's reading of <u>Getty Oil</u> and his submission to the Court asks it to impose hurdles on removing defendants that neither the Fifth Circuit nor Congress has condoned.

    Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion to remand is hereby DENIED.


                                    New Orleans, Louisiana, June 17, 2015

                                    _____
                                      MARTIN L. C. FELDMAN
                                 UNITED STATES DISTRICT JUDGE