UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIONEL MENDOZA ET AL.                                    CIVIL ACTION

V.                                                       NO. 15-1455

TRACEY HICKS ET AL.                                      SECTION "F"

ORDER & REASONS

Before the Court are two motions: 1) the plaintiff, Lionel Mendoza's, motion for partial summary judgment on the defendants' affirmative defenses of comparative fault; and 2) the defendant, Tracey Hicks, motion for summary judgment. For the reasons that follow, the motions are DENIED.

**Background**

This case arises from a motor vehicle accident in which the plaintiff, Lionel Mendoza, was injured.

On October 14, 2014, the defendant, Tracey Hicks, was driving an 18-wheeler on Interstate 12 in Louisiana when his trailer dislodged and struck another 18-wheeler driven by Lionel Mendoza. Mendoza was forced off the road and suffered injuries from the crash.

The relationship between the numerous parties complicates the facts. At the time of the crash, Hicks was driving a truck owned by Wyatt Trucking. But Hicks was transporting goods pursuant to a

lease arrangement between C&R Transport and BAC Trucking.[1] Complicating matters further, the truck that C&R leased from BAC broke down. Thus, BAC borrowed a truck from Wyatt to fulfill its obligations under the agreement between C&R and BAC. Hicks was driving the truck that BAC borrowed from Wyatt at the time of the accident.

The parties agree that the accident occurred as Hicks was attempting to overtake Mendoza's truck. Hicks was in the left lane and Mendoza was in the right lane. As Hicks was passing Mendoza, Hicks' trailer detached from his truck. The trailer veered into the right lane, where Mendoza was driving, and caused Mendoza to run off the road.

Here, the plaintiff moves for summary judgment on the issue of fault. In their various responsive pleadings, the defendants, Natasha Adams d/b/a C&R Transport, Tracey Hicks, Wyatt Trucking, Inc., Canal Insurance Company, Berkshire Hathaway Homestate Insurance Company, and BAC Trucking, LLC, all claim that the plaintiff was comparatively or solely at fault for the accident. Hicks, C&R, and BAC also assert that the plaintiff's injuries were caused by actions of an unknown third party. The plaintiff contends

---

[1] C&R Transport and BAC Trucking were parties to an owner-operator agreement whereby C&R was the "carrier" who leased a truck from BAC, the "owner operator." There is a dispute, however, as to whether that agreement existed at the time of the accident.

that the defendants have offered no evidence to show that he or any third party was at fault.

Additionally, Tracey Hicks moves for summary judgment on the grounds that he is not at fault for the accident. According to Hicks, when BAC borrowed the truck from Wyatt, the truck was not equipped with a bumper and a receptacle for a pintle hitch, which was needed to haul the trailer. BAC contends that Cody Stone, an owner of BAC, installed the bumper and the hitch. Hicks claims that, on his way back from Texas, he properly connected the trailer to the hitch and performed a routine inspection of the load. He concludes that the evidence demonstrates that he was not at fault for the trailer coming loose on the interstate.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5 Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5 Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Federal jurisdiction in this case is based on diversity of the parties; thus the Court applies Louisiana tort law. Eerie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). Under Louisiana law, "Every act whatever of man that causes damage to another

4

obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. Louisiana has adopted a comparative fault scheme:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty . . . or that the person's identity is not known or reasonably ascertainable.

La. Civ. Code art. 2323(A).

"[A] determination of tort liability for purposes of granting a partial judgment includes the requirement of a determination of comparative fault, i.e., on any particular claim the question of liability must be completely resolved between the parties for and against whom the partial summary judgment is rendered." Williams v. City of New Orleans, 93-2043 (La. App. 4 Cir. 5/17/94); 637 So. 2d 1130, 1132. Finally, the party raising an affirmative defense bears the burden of proving victim fault or contributory negligence. Moffit v. Sewerage & Water Board of New Orleans, 2009-1596 (La. App. 4 Cir. 5/19/10); 40 So. 3d 336, 343.

The motions presented here require the Court to determine whether liability can be completely resolved between the parties.

### III.

The plaintiff submits evidence from multiple sources in support of his motion. First, the officer who responded to the scene, Jereme Brignac, reported that Hicks' trailer detached as Hicks was overtaking Mendoza and struck Mendoza's truck on the

5

front right side. The impact caused Mendoza's truck to travel across the shoulder and off the interstate where it overturned onto its left side.[2]

Sharon Jenkins, an eye witness, confirms Brignac's account. Jenkins was driving behind Hicks when she saw Hicks' truck suddenly veer into the right lane. She stated in her deposition, "So the truck that ran off the road, from what I could see, seemed to be responding to him coming into that lane. So he went to the right over towards the shoulder to try to avoid hitting the back end of that truck."

Kerry Nelson, a trucking and accident reconstruction expert, stated in an affidavit that, "in my professional opinion, Lionel Mendoza was not at fault for the accident and acted appropriately in avoiding injury to other motorists on the highway."

Even Hicks recounts in his deposition a consistent version of the facts. He stated:

> I was doing 70 miles an hour and passing some cars and trucks in the slow lane. And when I felt a little jolt, and I looked in my mirror, and I seen my trailer fishtailing behind me. This all happened within a second or two. It happened so quick. I looked in my mirror, I seen the trailer, and I looked to the right, and by that time I hit my brakes and looked in the mirror and that is when my trailer come loose and hit the truck beside me.

---

[2] Canal Insurance and Wyatt Trucking contend that Brignac's report is inadmissible because Brignac is not a qualified expert. The Court need not address that contention here.

6

Plaintiff, therefore, predictably asserts the absence of fault on his part.

Hicks, on the other hand, relies largely on his own account of the accident to support his motion. He submits his deposition testimony and photographs of the truck showing, allegedly, where the equipment failed. Hicks contends that he complied with his obligations to ensure the truck was safe to drive.

In response, the plaintiff and BAC offer expert testimony of Kerry Nelson explaining that "[t]he most likely cause of the hitch separation is the drivers' failure to assure that it was properly secured prior to the accident." Both the plaintiff and BAC offer numerous theories as to how Hicks is liable for the accident.

Precluding summary judgment on either motion, however, is the Court's inability to completely resolve the question of liability between all of the parties. See Williams, 637 So. 2d at 1132. Even if the Court concluded that the plaintiff was in no way at fault, the remaining liability of the various defendants goes unresolved. For example, it remains unclear who employed Hicks for purposes of vicarious liability.[3] "[T]he granting of summary judgment as to liability must dispose of all liability issues, including contributory or comparative negligence." Rance v. Harrison, Inc., 31,503 (La. App. 2 Cir. 1/20/99); 737 So. 2d 806, 810. Because the

---

[3] See the Court's Order and Reasons on the plaintiff's motion for summary judgment on Hicks' employment status dated March 9, 2016.

Court is unable to resolve all liability issues on this record, partial summary judgment is inappropriate. Material issues of fact are rampant on this record and summary relief is unwarranted.

Accordingly, IT IS ORDERED that Mendoza's motion for partial summary judgment on comparative fault, and Hicks' motion for summary judgment are DENIED.

New Orleans, Louisiana, March 9, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE