```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

LIONEL MENDOZA ET AL.                           CIVIL ACTION

V.                                              NO. 15-1455

TRACEY HICKS ET AL.                             SECTION "F"

### ORDER & REASONS

Before the Court are two motions: 1) the plaintiff, Lionel Mendoza's, motion for partial summary judgment on defendant Tracey Hicks' employee status for vicarious liability purposes; and 2) the defendant, Wyatt Trucking, Inc.'s, motion for summary judgment that it did not employ Tracey Hicks, and that Wyatt was not at fault for the plaintiff's injuries. For the following reasons, Mendoza's motion is GRANTED IN PART and DENIED IN PART, and Wyatt's motion is DENIED.

**Background**

This case arises from a motor vehicle accident in which the plaintiff, Lionel Mendoza, was injured.

On October 14, 2014, the defendant, Tracey Hicks, was driving an 18-wheeler on Interstate 12 in Louisiana when his trailer dislodged and struck another 18-wheeler driven by Lionel Mendoza. Mendoza was forced off the road and suffered injuries from the crash.

The relationship between the numerous parties complicates the facts. At the time of the crash, Hicks was driving a truck owned

by Wyatt Trucking. But Hicks was transporting goods pursuant to a lease arrangement between C&R Transport and BAC Trucking.[1] Complicating matters further, the truck that C&R leased from BAC broke down. Thus, BAC borrowed a truck from Wyatt to fulfill its obligations under the agreement between C&R and BAC. Hicks was driving the truck that BAC borrowed from Wyatt at the time of the accident.

The parties agree that the accident occurred as Hicks was attempting to overtake Mendoza's truck. Hicks was in the left lane and Mendoza was in the right lane. As Hicks was passing Mendoza, Hicks' trailer detached from his truck. The trailer veered into the right lane, where Mendoza was driving, and caused Mendoza to run off the road.

In his motion, Mendoza seeks summary judgment declaring that Hicks was an employee of C&R, BAC, and Wyatt for purposes of vicarious liability. Mendoza contends that Hicks was C&R's "statutory employee" under the Federal Motor Carrier Safety Regulations. Additionally, the plaintiff urges that C&R, BAC, and Wyatt each exercised sufficient control over Hicks to be considered his co-employers for vicarious liability purposes under Louisiana

---

[1] C&R Transport and BAC Trucking were parties to an owner-operator agreement whereby C&R was the "carrier" who leased a truck from BAC, the "owner operator." There is a dispute, however, as to whether that agreement existed at the time of the accident.

law. The defendants correctly respond that summary judgment is inappropriate because numerous issues of material fact remain.

Wyatt also seeks summary judgment on Hicks' employee status. Wyatt contends that Hicks was employed only by BAC.

Finally, Wyatt seeks summary judgment declaring that it is not at fault for the accident.

Many issues raised are intensely fact-driven, making summary judgment relief improper in part.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment

is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5 Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5 Cir. 1987); Fed. R. Civ. P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

The Court first turns to Mendoza's contention that Hicks was C&R's "statutory employee" under the Federal Motor Carrier Safety Regulations.

A.

In the motor carrier industry, "authorized carriers" commonly lease equipment from independent contractors who are not subject to regulatory oversight by the Department of Transportation. Prestige Cas. Co. v. Michigan Mut. Ins. Co., 99 F.3d 1340, 1342 (6th Cir. 1996). Licensed carriers historically have used such

leasing arrangements "to avoid safety regulations governing equipment and drivers." Id. (citing American Trucking Ass'ns v. United States, 344 U.S. 298, 304-05 (1953)). "Authorized carriers' use of non-owned vehicles also caused public confusion as to who was financially responsible for the vehicles." Id. The Fifth Circuit explains that such arrangements often lead to a "round robin of finger pointing by carriers, lessors, owners and drivers . . . and insurers." Jackson v. O'Shields, 101 F.3d 1083, 1084 (5th Cir. 1996).

In response to such abuse, Congress amended the Interstate Commerce Act to allow the Interstate Commerce Commission to promulgate regulations governing all aspects of non-owned equipment by authorized carriers.[2] Id.; see Ste. Marie v. Midwest Freightways, Inc., 2007 WL 3244671, at *2 (W.D. La. Nov. 2, 2007). Those regulations are known as the Federal Motor Carrier Safety Regulations. 49 C.F.R 350-399. The purpose of the Regulations is to "to protect members of the public from motor carriers' attempts to escape liability for the negligence of drivers by claiming their drivers were independent contractors." Perry v. Harco Nat. Ins. Co., 129 F.3d 1072, 1074 (9th Cir. 1997).

---

[2] The ICC was abolished in 1996 and the relevant statutes were reenacted substantially unchanged as 49 U.S.C. § 14102, referring to the Secretary of Transportation instead of the ICC. Simpson v. Empire Truck Lines, Inc., 571 F.3d 475, 477 (5th Cir. 2009).

5

The Regulations accomplish this goal in two ways. First, they define "employee" broadly as "a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler." 49 C.F.R. 390.5. Second, the Regulations require a lease between an authorized carrier and an equipment owner to provide that "the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease." 49 C.F.R. 376.12(c)(1).

Read together, these regulations impose statutory liability on the lessee of a vehicle "if the lessee permits a non-employee to operate the leased equipment and that operator causes damages." Tolliver v. Naor, 2001 WL 755403, at *1 (E.D. La. July 3, 2001)(citing Jackson v. O'Shields, 101 F.3d 1083, 1086 (5th Cir. 1996). As the Fifth Circuit explains, a driver becomes a "statutory employee" when a lease exists between an authorized carrier and an owner of leased equipment. See Jackson, 101 F.3d at 1086. "Consequently, the carrier will be held vicariously liable for injuries resulting from the use of the leased equipment." Id.

C&R points to a seemingly conflicting regulation, however, to challenge this interpretation of the Regulations. Section 390.5's definition of "employee" includes "an independent contractor while in the course of operating a commercial motor vehicle." This is affirmed in section 376.12(c)(1), which requires a lessee to assume

6

complete responsibility for the operation of the leased equipment. However, subpart 376.12(c)(4) provides: "Nothing in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee." C&R maintains the latter paragraph requires application of state law to determine the employment status of a driver. The Court disagrees.

In Jackson v. O'Shields, 101 F.3d 1083, 1086 (5th Cir. 1996), the Fifth Circuit explicitly found, "One of the primary purposes of the ICC's leasing regulations is to ensure that carrier-lessees take control of and responsibility for leased equipment during the term of a lease." The Court unequivocally reaffirmed that the statutory employee definition applied to the driver of the leased vehicle.

In Simpson v. Empire Truck Lines, Inc., 571 F.3d 475 (5th Cir. 2009), the Fifth Circuit identified the purpose of § 376.12(c)(4):

> [T]he type of control required by the regulation does not affect "employment" status . . . it is not the intention of the regulations to affect the relationship between a motor carrier lessee and the independent owner-operator lessor. Inclusion of a specific statement in the regulations was found to be necessary because certain State courts and administrative tribunals have determined that the regulations affect the relationship between the lessee and lessor.

7

The Court held in Simpson that the statutory definition of "employee" in the Regulations does not govern a driver's employment status for purposes of Texas worker compensation law. This holding is perfectly consistent with the purpose of the added language.

The Regulations do not transform an independent driver into the carrier's employee *under state law*. Rather, a lessee is vicariously liable for the driver of its leased vehicle *regardless* of whether the driver qualifies as an employee or independent contractor under state law. This interpretation is consistent with the underlying policy goals of the Regulations: to prevent carriers from avoiding liability for damage caused by negligent operation of their leased vehicles.

Here, Chris Adams, owner of C&R, stated in his deposition that C&R is an authorized carrier registered with the Department of Transportation. BAC was the owner of the truck that C&R leased. Accordingly, the FMCSR governed the lease agreement. That C&R failed to comply with the FMCSR regarding the required contents of the lease is irrelevant. C&R is vicariously liable for Hicks regardless of whether Hicks was C&R's employee or an independent contractor under state law. The plaintiff's motion for summary judgment that Hicks is C&R's statutory employee is granted.

B.

The plaintiff also contends that Hicks was an employee of C&R, BAC, and Wyatt under state law principles. Louisiana courts

8

instruct, "The single, most important factor to consider in deciding whether the employer-employee relationship exists . . . is the right of the employer to control the work of the employee." Roberts v. La. Health and Human Resources Admin., 404 So.2d 1221, 1225 (La. 1981). Other factors encompassed by the right of control include "supervision, selection and engagement, payment of wages or salary, and the power to dismiss." Doe v. Parauka, 97-2434 (La. 7/8/98, 5); 714 So.2d 701, 704.

The Court must also consider whether the work is of an independent nature such that the worker uses his or her best judgment to perform the task. Remet v. Martin, 97-0895, p. 4-5 (La. App. 4 Cir. 12/10/97), 705 So.2d 1132, 1135. The determination of whether "a principal-agent relationship involves employees or individual contractors is a fact-intensive question that should be decided on a case-by-case basis." Carmouche v. Dentman, 2014 WL 1050766, at *2 (E.D. La. Mar. 14, 2014) (citing Ryes v. BCS Ins. Co., 379 F. App'x 412, 414 (5th Cir. 2010).

Mendoza contends that C&R, BAC, and Wyatt each exercised significant control and supervisory authority over how and when Hicks performed his work. The plaintiff relies on the following facts: (1) BAC paid Hicks and told him what time the cargo loads would be ready for pickup; (2) C&R paid for Hicks's fuel costs and hotel rooms, required that Hicks take a drug test, and gave Hicks

9

direct orders; and (3) Wyatt required Hicks to go through a pre-employment screening process and take a drug test.

BAC submits however that, although it was responsible for paying Hicks, the funds came from C&R after C&R received payment from its customers. BAC offers deposition testimony suggesting that C&R controlled many aspects of Hicks's work. BAC contends that C&R retained ultimate authority over how Hicks' work was to be done. Furthermore, Hicks' driver's log from the time of the accident indicates that he was working for C&R. Similarly, BAC contends that Wyatt required Hicks to fill out an employment application, that Wyatt included Hicks on its insurance policy, and that Wyatt had the right to terminate Hicks.

Likewise, C&R submits that advancing fuel and hotel costs and requiring a drug test are insufficient to establish supervision and control. C&R points to deposition testimony in which Hicks claimed to be BAC's employee. C&R also points out that BAC paid fuel and maintenance costs. Moreover, C&R claims that BAC is responsible for employing the driver under the lease agreement. C&R concludes that, at the very least, there are genuine issues of material fact about its relationship with Hicks.

Finally, Wyatt contends that, according to his own testimony, Hicks was BAC's employee. Wyatt urges that the plaintiff relies on inconsistent, contradictory deposition testimony to conclude that Hicks was employed by Wyatt. Additionally, Wyatt disputes that it

10

required Hicks to go through pre-employment screening. It points out that Hicks interacted with Wyatt representatives only once, and Wyatt never paid Hicks. Finally, Wyatt maintains that the plaintiff has failed to provide evidence that Wyatt had any control or supervision over Hicks.

In sum, the defendants contend that the facts surrounding Hicks' employee status are in dispute at best. The Court agrees. Thus, Hicks' employee status is a question of fact to be left to the jury.

Mendoza's motion for partial summary judgment on Hicks' employee status under state law, and Wyatt's motion for partial summary judgment that it did not employ Hicks are denied.

### III.

The only remaining issue is Wyatt's contention that it is not at fault for the accident. The Court addresses issues of liability in its March 9, 2016 Order & Reasons denying the plaintiff's motion for summary judgment on comparative fault. For the reasons stated there, Wyatt's motion for summary judgment on the issue of fault is denied.

IT IS ORDERED that Mendoza's motion for summary judgment that Hicks is C&R's statutory employee is GRANTED.

IT IS FURTHER ORDERED that Mendoza's motion for summary judgment on Hicks' employee status under state law is DENIED.

IT IS FURTHER ORDERED that Wyatt's motion for summary judgment that Hicks was not employed by Wyatt, and that Wyatt was not at fault for the accident is DENIED.

New Orleans, Louisiana, March 9, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE