UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIONEL MENDOZA ET AL.                                    CIVIL ACTION

V.                                                       NO. 15-1455

TRACEY HICKS ET AL.                                      SECTION "F"

ORDER & REASONS

Before the Court is Canal Insurance Company and Wyatt Trucking, Inc.'s motion to reconsider the Court's March 2, 2016 Order & Reasons denying Canal and Wyatt's motion for summary judgment and granting Berkshire Hathaway Homestate Insurance Company's motion for summary judgment. For the following reasons, the motion is DENIED.

**Background**

The relevant facts in this case are recited in the Court's March 2, 2016 Order and Reasons. For the sake of brevity, the Court does not repeat them here.

The only issue before the Court is the interpretation of the following provision in Berkshire's auto policy:

> [T]he following types of vehicles are also covered "autos" for Liability Coverage:
> . . .
>
> 3. Any "auto" you do not own while used with permission of its owner as a temporary substitute for a covered "auto" **you own** that is out of service because of its:
>     a. Breakdown;
>     . . .

(emphasis added).

1

In its March 2, 2016 Order and Reasons, the Court applied Alabama law on contract interpretation: "If a word or phrase is not defined in the policy, then the court should construe the word or phrase according to the meaning a person of ordinary intelligence would give it." Lambert v. Coregis Insurance Co., 950 So. 2d 1156, 1161 (Ala. 2006). Relying on this principle, the Court concluded:

> C&R leased the truck from BAC; therefore, under its ordinary usage, C&R did not "own" the truck. The Berkshire policy provides that, if C&R must temporarily substitute *a vehicle that it owns* due to a breakdown, then Berkshire will provide coverage to the temporary substitute. Here, BAC owned the vehicle that broke down, not C&R. Therefore, Berkshire's policy does not cover the temporary substitute.

Canal contends that the Court erred in applying the ordinary usage of the word "own." It submits that, in the context of auto insurance policies, Alabama courts have found that the term "own" is ambiguous.

Berkshire relies heavily on the Alabama Supreme Court case Commercial Standard Ins. Co. v. General Trucking Co., 423 So.2d 168 (1982). That case involved a truck-pedestrian accident. There, Williamson, the owner and operator of the truck involved in the accident, leased the truck to a company called Lane Trucking. In turn, Lane leased the truck to General Trucking. Commercial Standard Insurance Company issued a policy to Lane Trucking, and Royal Globe Insurance issued a policy to General Trucking. At issue

was which insurance company was liable for coverage of Williamson: Commercial or Royal. The outcome turned on whether Williamson's truck qualified as an "owned vehicle" under Commercial's policy.

The Court held that, because Williamson's vehicle was listed as an "owned vehicle" on the Schedule of Automobiles attached to Commercial's insurance policy, there was an ambiguity as to the meaning of the word "own." Although, Williamson's truck did not fall within the definition of an "owned vehicle" in the policy, the court reasoned that the schedule attached to the policy superseded any conflicting clauses printed in the form. Because the schedule included the Williams' vehicle as an "owned vehicle," it superseded the definition of "owned vehicle" in the policy. The court found that the conflicting provisions created an ambiguity that must be interpreted in favor of the insured.

<u>Commercial Standard</u> is inapplicable here. There are no conflicting provisions in the Berkshire policy regarding the meaning of the word "own." The Berkshire policy covered "specifically described autos." Attached to the policy is a schedule describing the truck owned by BAC. Unlike in <u>Commercial Standard</u>, neither the Berkshire policy nor the attached schedule describes the BAC truck as an "owned vehicle."

There is no ambiguity in the Berkshire policy. Canal's attempts to conjure an ambiguity by citing factually distinct cases is unpersuasive. The overwhelming consensus in Alabama case law is

that words that are not defined in an insurance policy are given the meaning a person of ordinary intelligence would give them. Lambert v. Coregis Insurance Co., 950 So. 2d 1156, 1161 (Ala. 2006); Safeway Insurance Co. v. Herrera, 912 So. 2d 1140, 1143 (Ala. 2005); Twin City Fire Ins. Co. v. Alfa Mutual Ins. Co., 817 So. 2d 687, 692 (Ala. 2001); Western World Ins. Co. v. City of Tuscumbia, 612 So. 2d 1159 (Ala. 1992).

Canal's motion to reconsider is DENIED.

New Orleans, Louisiana, March 16, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE